# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JAY WILLIAMS,

        Plaintiff,

v.

DEPARTMENT OF JUSTICE,

        Defendant.

Case No. 3:24-cv-00165-SLG

## ORDER OF DISMISSAL

On July 31, 2024, Jay Williams ("Plaintiff")—a self-represented prisoner in the Henderson County Jail in Athens, Texas—filed a civil complaint against the Department of Justice, a civil cover sheet, and a waiver of the service of summons form.[1] Plaintiff also submitted a handwritten document labeled "Coupon 1146." The document reads "Pay to District Clerk, Amount: $405.00, Four Hundred Five and 0/100, For: Filing Fee."[2][3] As Plaintiff has been informed, his "coupon" has no monetary value and is of no legal effect.[4] This action is deficient because Plaintiff

---

[1] Dockets 1-3.

[2] Docket 2.

[3] Docket 1-1 at 2.

[4] *See Williams v. Faught,* Case No. 6:23CV218, 2023 WL 5156670, at *1 (E.D. Tex. 2023), *report and recommendation adopted,* 2023 WL 5153519 (E.D. Tex. 2023) (unpublished) (recommending dismissal after finding "Plaintiff's submission of this 'coupon' is in bad faith and does not constitute an attempt to comply with the Court's Order.").

has not paid the filing fee nor filed a completed application to waive prepayment of the fee with a statement from his prison trust account for the past six months.[5]

Ordinarily, the Court would grant Plaintiff additional time to cure this deficiency. However, having reviewed and considered the filings, the Court finds the Complaint must be dismissed without leave to file an amended complaint. In Claim 1, Plaintiff alleges that on or about December 14, 2021, unnamed employees of the Department of Justice and the sheriff's department seized Erin and Daniel Dennis without a warrant.[6] In Claim 2, Plaintiff alleges "Jordan William's service dog was murdered by the DOJ."[7] It is unclear whether this event allegedly occurred in August 2022 or on August 22nd of another year. In Claim 3, Plaintiff alleges he sent evidence of treason to judges and sheriffs in Henderson County Texas, the FBI, and the DOJ. He claims his entire family has been kidnapped and trafficked, and that their home and land was stolen.[8] For relief, Plaintiff seeks an undetermined amount of monetary damages, that he and his family be freed and

---

[5] Local Civil Rule 3.1(c)(3).

[6] Docket 1 at 3.

[7] Docket 1 at 4.

[8] Docket 1 at 5.

Case No. 3:24-cv-00165-SLG, *Williams v. Department of Justice*
Order of Dismissal
Page 2 of 6
Case 3:24-cv-00165-SLG   Document 4   Filed 09/09/24   Page 2 of 6

protected, and an order to "send the military as required" and apparently to declare war.[9]

While a federal court must construe a complaint in the light most favorable to a plaintiff,[10] it is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[11] Plaintiff improperly brings claims on behalf of other individuals,[12] describes actions allegedly committed by third parties who were not named as defendants in the case caption,[13] and names an improper defendant.[14] Civil rights actions against federal officials may be brought in certain circumstances,[15] but Plaintiff does not sue any federal official. Instead, he names the U.S. Department of Justice as a defendant.[16]

---

[9] Docket 1 at 8.

[10] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a federal court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[11] *See, e.g., Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming dismissal of Section 1983 and 1985 claims because plaintiff's conclusory allegations of conspiracy were not supported by material facts).

[12] *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity).

[13] Fed. R. Civ. P. 10(a) requires "[t]he title of the complaint must name all the parties."

[14] *See Vacek v. U.S. Postal Serv.,* 447 F.3d 1248, 1250 (9th Cir. 2006) ("The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity.").

[15] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

[16] Docket 1.

Case No. 3:24-cv-00165-SLG, *Williams v. Department of Justice*
Order of Dismissal
Page 3 of 6
Case 3:24-cv-00165-SLG   Document 4   Filed 09/09/24   Page 3 of 6

Additionally, federal courts do not have the authority to initiate investigations, order the military to take action, or declare war. These actions fall within the purview of the executive and legislative branches of government. The judiciary's role is to interpret and apply the law, not to engage in activities reserved for other branches of government. To the extent that Plaintiff challenges the very fact or duration of his physical imprisonment, and seeks immediate or speedier release, his sole federal remedy is a writ of habeas corpus.[17] Finally, it is unclear why Plaintiff brings these claims in the U.S. District Court for the District of Alaska when none of the parties are residents of Alaska, and the alleged events reportedly occurred in Texas. The Complaint lacks any basis upon which the Court could establish it has personal jurisdiction over any of the individuals mentioned or could be considered a proper venue for this action.[18] For these reasons, Plaintiff fails to state a plausible claim upon which relief could be granted.[19] Therefore, the Complaint must be dismissed.

---

[17] *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (habeas corpus is the sole remedy for a prisoner challenging the fact or duration of his confinement).

[18] *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have courts must have personal jurisdiction over the parties); 28 U.S.C. § 1391 (a civil action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Case No. 3:24-cv-00165-SLG, *Williams v. Department of Justice*
Order of Dismissal
Page 4 of 6
Case 3:24-cv-00165-SLG   Document 4   Filed 09/09/24   Page 4 of 6

The Court takes judicial notice[20] that Plaintiff has filed numerous cases in the U.S. District Court for the Eastern District of Texas that have been dismissed for failing to state a claim upon which relief may be granted, for failing to comply with a court order, and as frivolous.[21] Plaintiff has also failed to pay the filing fee or file a completed application to waive prepayment of the fee in many other cases, and has failed to cure the deficiency despite ample opportunities.[22] Accordingly,

---

[20] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (12th ed. 2024); See also *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[21] *See, e.g., Williams v. Botie Hillhouse*, Case No. 6:23-cv-212 (E. D. Tex. 2023) (unpublished) (dismissing complaint as frivolous); *Williams v. Nancy Perryman*, Case No. 6:23-cv-214 (E.D. Tex. 2023) (unpublished) (dismissing complaint as frivolous); *Williams v. Botie Hillhouse*, Case No. 6:23-cv-215 (E.D. Tex. 2023) (dismissing complaint as frivolous); *Williams v. Botie Hillhouse*, Case No. 6:23-cv-216 (E.D. Tex. 2023) (unpublished) (dismissing complaint as frivolous); *Williams v. Botie Hillhouse*, Case No. 6:23-cv-230 (E.D. Tex. 2023) (dismissing complaint as frivolous); *Williams v. Clint Davis*, Case No. 6:23-cv-236 (E.D. Tex. 2023) (dismissing complaint as frivolous); *Williams v. Wright,* Case No. 6:23CV224, 2023 WL 5835940 (E.D. Tex. 2023) (unpublished) (dismissing complaint for failure to state a claim upon which relief may be granted and for failure to prosecute or to obey a court order); and *Williams v. Texas*, Case No. 6:22-CV-00449, 2023 WL 1481430 (E.D. Tex. 2023) (dismissing complaint for failure to comply with a court order and failure to prosecute).

[22] *See, e.g., Williams v. Faught,* Case No. 6:23-CV-00218, 2023 WL 5153519, at *1 (E.D. Tex. 2023) (unpublished) (dismissing the case "because of plaintiff's failure to prosecute and to comply with the court's order to either pay the fee or file a properly supported motion to proceed as a pauper."); *Williams v. Hillhouse,* Case No. 6:23-CV-00212, 2023 WL 4305123, at *1 (E.D. Tex. 2023) (unpublished) (dismissing the case as duplicative, frivolous, and malicious filings and noting, "as plaintiff has been made aware, the filing of a handwritten "coupon" is not an acceptable form of payment").

the Court finds that amendment would be futile and will not accord Plaintiff leave to file an amended complaint.[23]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED.**

2. All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment and close this case.

DATED this 9th day of September 2024, at Anchorage, Alaska.

                         */s/ Sharon L. Gleason*
                         SHARON L. GLEASON
                         UNITED STATES DISTRICT JUDGE

---

[23] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (a dismissal without further leave to amend is not an abuse of discretion when the court lacks subject matter jurisdiction).

Case No. 3:24-cv-00165-SLG, *Williams v. Department of Justice*
Order of Dismissal
Page 6 of 6
Case 3:24-cv-00165-SLG   Document 4   Filed 09/09/24   Page 6 of 6